**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**



**Dated: March 28, 2006**

_____
**FRANK R. MONROE
UNITED STATES BANKRUPTCY JUDGE**

_____

Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.　　　　BBWCDF NO. 00000000249664
1900 St. James Place, Suite 500
Houston, Texas 77056
(713) 621-8673

Attorney for U.S. BANK HOME MORTGAGE, N.A.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: | § CASE NO. 05-10902-FRM-13 |
| | § |
| GUY LAWRENCE MATHIS and | § |
| JENNIFER LYNN MOORE-MATHIS, | § |
| Debtor | § CHAPTER 13 |
| | § |
| U.S. BANK HOME MORTGAGE, | § |
| N.A., | § |
| Movant | § HEARING DATE: 03/27/2006 |
| | § |
| v. | § TIME: 10:00 AM |
| | § |
| GUY LAWRENCE MATHIS and | § |
| JENNIFER LYNN MOORE-MATHIS; | § |
| and DEBORAH B. LANGEHENNIG, | § |
| Trustee | § |
| Respondents | § JUDGE FRANK R. MONROE |

**AGREED ORDER CONDITIONING AUTOMATIC STAY**

Came on for consideration the Motion For Relief from Stay, filed by U.S. BANK

HOME MORTGAGE, N.A., (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that:

1.  **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 and shall remain in effect, except as provided below.

2.  **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning April 01, 2006, and continue said payments thereafter pursuant to that certain ARM Note and Deed of Trust dated August 18, 1994. Said payments shall be paid to Movant at:

>    NATIONAL DEFAULT SERVICING CORPORATION
>    U.S. BANK N.A.
>    4801 FREDERICA ST BOX 20005
>    OWENSBORO, KY 42301

3.  **Modify Plan:** Debtor shall have 30 days from the date of the hearing or before April 26, 2006 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $5,479.14 to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments for the months of December 01, 2005 through March 1, 2006 and additional fees and costs detailed as follows:

| | | | |
|---|---|---|---|
| Monthly Payment Amount | $1,179.70 x 4 | | $4,718.80 |
| Late Charges | $40.66 x 4 | | $162.64 |
| Attorney's Fees | | $500.00 | |
| Costs | | $100.00 | |
| Total Attorney's Fees & Costs | | | $600.00 |
| Other Fees & Costs | | | $0.00 |
| Amount Due | | | $5,481.44 |
| Payment Received | | | $2.30 |
| Total Balance Due Less Payment Received | | | $5,479.14 |

The "Post-Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Addtional Claim.

4.  **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5.  **Discharge:** Notwithstanding any provision hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6.  **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the ARM Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion

order shall be an event of default under the Default Paragraph of this Agreed Order.

7. **Effect of Non-sufficient Funds:** Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

8. **Default:** In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor allowing Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default,** the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> LOT TEN (10), BLOCK L, NORTH PARK, SECTION ONE, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 85, PAGES 115C-116C, PLAT RECORDS OF TRAVIS COUNTY,TEXAS.

~~IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision~~

~~of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.~~

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### # #

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT BURKE WILSON CASTLE
DAFFIN & FRAPPIER, L.L.P.

BY: /s/ MONICA MARTINEZ                         /s/ MARLOW R. PRESTON
    MONICA MARTINEZ                             MARLOW R. PRESTON
    TBA NO. 24034555                            210 BARTON SPRINGS, STE. 250
    1900 St. James Place, Suite 500             AUSTIN, TX 78704
    Houston, Texas 77056
    Telephone: (713) 621-8673                   ATTORNEY FOR DEBTORS
    Facsimile: (972) 661-7702
    E-mail: WDECF@BBWCDF.COM
    ATTORNEY FOR MOVANT